# United States District Court
## for the
## Southern District of New York
## Related Case Statement

Full Caption of Later Filed Case:

| |
|---|
| MANISHKUMAR KHUNT, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiff, |
| vs. |
| ALIBABA GROUP HOLDING LIMITED, JACK YUN MA, JOSEPH C. TSAI, JONATHAN ZHAOXI LU and MAGGIE WEI WU, |
| Defendants. |

Case Number:  15-cv-759-NB

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

| |
|---|
| GUCCI AMERICA, INC.; BALENCIAGA S.A.; BALENCIAGA AMERICA, INC.; BOTTEGA VENETA S.A.; BOTTEGA VENETA INC.; YVES SAINT LAURENT AMERICA, INC.; LUXURY GOODS INTERNATIONAL (L.G.I.) S.A.; and KERING S.A., |
| Plaintiffs, |
| vs. |
| ALIBABA GROUP HOLDING LTD.; ALIBABA.COM HONG KONG LTD.; ALIBABA.COM LTD.; ALIBABA.COM INVESTMENT HOLDING LTD.; ALIBABA.COM INVESTMENT LTD.; ALIBABA (CHINA) TECHNOLOGY CO., LTD.; ALIBABA.COM, INC.; TAOBAO HOLDING |

Case Number:  14-cv-5119

LTD.; TAOBAO CHINA HOLDING LTD.; TAOBAO (CHINA) SOFTWARE CO., LTD.; ALIPAY.COM CO., LTD.; HANGZHOU YANBEI TRADING CO., LTD.; YIWU BOTHWINER FASHION ACCESSORY CO., LTD.; GUANGZHOU YONGXING LEATHER GOODS MFG.; DONGGUAN HUAWANG LEATHER CO., LTD.; SHEN ZHEN AIERS WATCH CO., LTD.; SHENZHEN MEIGEER WATCH CO., LTD.; SHENZHEN BABYLON, WATCH CO., LTD.; VANCS WHERE BOUTIQUE; SPRING RAIN LEATHER GOODS; CELEBRITY SHOE; JINLONG LUXURY CITY; GUCCI FASHION SHOP; LADYLIDY SHOP; COCO FASHION STYLE; HUIMING LEATHER MALL; HONG KONG LONGITUDE AND LATITUDE INTERNATIONAL TRADING; FASHION ZONE LTD.; STAR FACTORY; XIAOHUI JIN'S STORE; and JOHN DOES,

Defendants.

Status of Earlier Filed Case:

☐ Closed  (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☒ Open  (If so, set forth procedural status and summarize any court rulings.)

This action, alleging trademark counterfeiting and related claims, and for Racketeer Influenced and Corrupt Organizations Act violations, was filed in this District on or about 7/9/14. The claims were filed against Alibaba Group Limited LTD and its related operating subsidiaries (the "Alibaba-related entities"), for their role in providing an online sales portal where counterfeit products were being sold by certain "merchant defendants," seeking injunctive relief and damages. On 7/9/14, the Court entered a TRO at a hearing and plaintiffs voluntarily dismissed the Alibaba-related entities as defendants after the hearing. On 7/25/14, a preliminary injunction was granted which, along with the TRO and complaint, were served by the Clerk of the Court on the Alibaba-related entities on 8/29/14. The damage/disgorgement claims are still pending against the merchant defendants.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly-filed class action for violations of the federal securities laws against Alibaba Group Limited LTD addresses the same underlying facts as the trademark counterfeiting action because both concern the flagrant - though concealed - sales of counterfeit products through the Alibaba third-party sales portal website. Specifically, at roughly the same time Judge Castel issued the TRO in the trademark action in July 2014, Alibaba's senior executives met with China's State Administration of Industry and Commerce ("SAIC") concerning Alibaba's participation in the counterfeit sales scheme. On January 28, 2015, SAIC released a white paper detailing its discussion of its findings in July 2014 with Alibaba's senior management, including that 40% of the merchandise being sold on Alibaba's website was counterfeit, and disclosed that SAIC had not previously disclosed its July 2014 findings publicly for fear of hindering Alibaba's then-impending IPO in the U.S. The price of Alibaba American Depository Receipts plummeted upon the disclosure of SAIC's white paper, damaging investors.

These securities and trademark actions meet Local Rule 13's relatedness standard, as both actions concern the counterfeit product sales facilitated through the Alibaba website. There is substantial factual overlap between the two actions, even though Alibaba is now dismissed from the trademark action, because the entire counterfeit product sales scheme alleged in both actions took place on Alibaba's website and Alibaba is subject to the preliminary injunction and to discovery in the trademark action. If the matters were heard by different judges, the parties could be subjected to conflicting orders on issues such as whether U.S. counterfeiting laws were violated, the discovery obligations of Chinese subjects, discovery into SAIC's findings (an agency of the Chinese government), and any conflicts between U.S. and Chinese law on these subjects. Finally, absent a determination of relatedness, there would be a substantial duplication

of effort and expense and an undue burden on the Court if two separate district court judges are required to delve into the facts and law concerning this far-reaching, complicated scheme that involved manufacturing and selling counterfeit product around the globe through the Alibaba website sales portal.

| | | | |
|---|---|---|---|
| Signature: | _[signature]_ | Date: | February 3, 2015 |
| | Mary K. Blasy | | |
| | Robbins Geller Rudman & Dowd LLP | | |
| | 58 South Service Road, Suite 200 | | |
| | Melville, NY  11747 | | |
| | Telephone:  631/367-7100 | | |
| Firm: | 631/367-1173 (fax) | | |