USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE ASIA CO., LTD., et al.,

Plaintiffs,

v.

JACK YUN MA, et al.,

Defendants.

No.: 1:15-md-02631-CM (SDA)

Related cases:
1:15-cv-00759-CM
1:15-cv-00811-CM
1:15-cv-00991-CM
1:15-cv-01405-CM
1:15-cv-05020-CM
1:15-cv-04991-CM
1:15-cv-05002-CM

# JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled styled *Christine Asia Co., Ltd., et al. v. Jack Yun Ma, et al.*, No.: 1:15-md-02631-CM-SDA (the "Action");

WHEREAS, (a) lead plaintiffs William Tai and Christine Asia Co., Ltd. (collectively, "Lead Plaintiffs") and named plaintiffs Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class,[1] and (b) defendant Alibaba Group Holding Limited ("Alibaba"), Jack Yun Ma ("Ma"), Joseph Tsai ("Tsai"), Jonathan Zhaoxi Lu ("Lu"), and Maggie Wei Wu ("Wu") (Ma, Tsai, Lu and Wu, collectively the "Individual Defendants" and with Alibaba, collectively, "Defendants," and together with Plaintiffs, the "Parties") have entered into a Stipulation that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the

[1] All capitalized terms used in this Judgment that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation").

terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated May 1, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of certification of the Class and the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 16, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 29, 2019; and (b) the

Notice and the Summary Notice, both of which were filed with the Court on September 11, 2019.

3. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the existence and effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (v) Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) Class Members' right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed

to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.]

7. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of and elsewhere in the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Plaintiff Releasees (regardless of whether any such person or entity ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting,

instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Plaintiffs' Releasees and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

8. Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **<u>No Admissions</u>** – Neither the Settlement Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasee with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have

exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

12. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 30, 2019, as provided in the Stipulation.

15. **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 16th day of October, 2019.

[signature]

The Honorable Colleen McMahon
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from the Class**
**Pursuant to Request**

1. Andrew Giannelli
2. Brandon and LeNeika Roehrich
3. Clinio Maffia
4. Gary Cinnamon
5. Gisela Keller
6. Helen Wang
7. Herman Deary
8. Jonathan Sato
9. Michele Glemser
10. Murielle Gallant
11. Stanley Keller
12. William Cornwel Smith
13. Winnie Wing Yan Chan
14. Yick Kam Jane Ho
15. Chun-Ming Lee
16. Astrid Avrikian and Pascal Roberge
17. Marguerite Swannack
18. Robert Burns