UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JACK YUN MA, et al., <br><br> Defendants. | No.: 1:15-md-02631-CM (SDA) <br><br> Related cases: <br> 1:15-cv-00759-CM <br> 1:15-cv-00811-CM <br> 1:15-cv-00991-CM <br> 1:15-cv-01405-CM <br> 1:15-cv-05020-CM <br> 1:15-cv-04991-CM <br> 1:15-cv-05002-CM |

[~~PROPOSED~~] CLASS DISTRIBUTION ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2020

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Paul Mulholland Concerning the Results of the Claim Administration Process (the "Mulholland Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF. No. 123-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Mulholland Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. As set forth in the Mulholland Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 of the Mulholland Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and H of the Mulholland Declaration, are approved. Specifically, the Court agrees with the Claims Administrator and holds that:

> a. Claim 1,969, Claim 164,943, Claim 164,984, and Claims filed by Alphaplus Portfolio Recovery (Claims 72,325 through 126,623 and Claim 163,912) on behalf of 16 institutions and 54,300 beneficial owners, failed to provide adequate supporting documentation to process their Claims and are hereby rejected; and

> b. Claim 555, Claim 165,339, Claim 166,263, and Claim 146,885 did not result in a Recognized Loss pursuant to the Court-approved Plan of Allocation and are hereby rejected.

4. As set forth in the Mulholland Declaration, no new Claims received after December 31, 2020 may be included in the distribution, and SCS shall not process any additional documents received after May 26, 2020 in responses to deficiency and/or rejection notices.

5. The Court authorizes payment of $97,900.00 from the Settlement Fund to the Claims Administrator for the fees and expenses to be incurred in connection with the claims administration process, as described in the Mulholland Declaration.

6. The distribution plan for the Net Settlement Fund as set forth in the Mulholland Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Mulholland Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any money remains in the Net Settlement Fund eight (8) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses

3

incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions would not be cost-effective, then the funds will be donated to Memorial Sloan Kettering Cancer Center.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. Broadridge's request for reimbursement of $74,733.56 in mailing costs in excess of those approved by the Court in the Preliminary Approval Order is hereby [granted] [denied].

11. The Claims Administrator is authorized to discard: (i) paper or hard copies of the Claim Forms and supporting documents two years after the Initial Distribution or one year after the Second Distribution (if it occurs); and (ii) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

4

**SO ORDERED** in the Southern District of New York on October 13, 2020.

_____
The Honorable Colleen McMahon
United States District Judge

5